JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

REBECCA MOORE

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian C. Farrell, Esq. The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

## DEFENDANTS

ASCELLAHEALTH, LLC

County of Residence of First Listed Defendant: CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnant Workers Fairness Act ("PWFA"),

Brief description of cause:
Employment Discrimination matter

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE MARK A. KEARNEY DOCKET NUMBER 26-7446

DATE: September 28, 2026

SIGNATURE OF ATTORNEY OF RECORD: /S/ BRIAN C. FARRELL, ESQUIRE I.D. 319145 Attorney for Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 1055 Westlakes Drive, Suite 200, Berwyn, Pennsylvania 19312.

***RELATED CASE IF ANY:*** Case Number: 26--7446 Judge: MARK A. KEARNEY

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ■
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ■ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
XX 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):________________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

XX Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| REBECCA MOORE | : | CIVIL ACTION NO: |
| v. | : | |
| ASCELLAHEALTH, LLC | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 09/28/2026 | /s/ Brian C. Farrell, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REBECCA MOORE,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | |
| **ASCELLAHEALTH, LLC,** | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

**COMPLAINT**

Plaintiff Rebecca Moore ("Plaintiff"), through her attorneys, files this Complaint against Defendant AscellaHealth, LLC ("Defendant") and avers as follows:

## I. JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

3. All conditions precedent to this action have been satisfied. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on or about March 28, 2025.

4. Plaintiff received a Notice of Right to Sue from the EEOC on or about June 30, 2026. This action is filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

More than one year has elapsed since Plaintiff filed her charge with the PHRC. Plaintiff has exhausted all administrative remedies.

## II. PARTIES

5. Plaintiff Rebecca Moore is an adult individual and resident of Collegeville, Pennsylvania. At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

6. Defendant AscellaHealth, LLC is a limited liability company with its principal place of business at 1055 Westlakes Drive, Suite 200, Berwyn, Pennsylvania 19312. Defendant is a specialty pharmacy and healthcare services company.

7. At all times relevant to this Complaint, Defendant employed more than fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pregnant Workers Fairness Act ("PWFA"), and the Pennsylvania Human Relations Act ("PHRA").

8. At all times relevant to this Complaint, Defendant acted through its officers, agents, and employees, including Converge HR Solutions ("Converge"), the outside firm that performed Defendant's human resources functions, each of whom acted within the course and scope of their employment or agency.

## III. FACTUAL ALLEGATIONS

9. On or about March 18, 2024, Defendant hired Plaintiff as Director, Marketing Pharma/Biotech, at an annual salary of $150,000 plus bonus eligibility. Plaintiff first reported to Defendant's Chief Marketing and Communications Officer.

10. In or about May 2024, the Chief Marketing and Communications Officer's employment ended. Plaintiff thereafter reported directly to William Oldham ("Oldham"), Defendant's President and Founder.

11. Following the Chief Marketing and Communications Officer's departure, Plaintiff took on a leadership role on Defendant's marketing team. Plaintiff developed and executed Defendant's marketing plan, supervised marketing staff, and oversaw marketing initiatives across Defendant's business lines, including its payer and pharmaceutical businesses.

12. Plaintiff performed well. In Plaintiff's 2024 mid-year performance review, Oldham wrote that Plaintiff's "clarity and focus are daily in evidence and great progress has been made in a short time." Plaintiff never received any discipline, performance improvement plan, or negative performance evaluation during her employment.

13. In or about early September 2024, Plaintiff informed Oldham that she was pregnant, that her due date was in January 2025, and that she would need leave for childbirth.

14. On or about September 18, 2024, Plaintiff met with David Perlin ("Perlin") of Converge, Defendant's human resources representative, to request leave for childbirth and recovery. Perlin told Plaintiff that she was not eligible for leave under the Family and Medical Leave Act because she had not been employed for twelve months. Perlin told Plaintiff that Defendant would provide her with a leave of absence.

15. Between September and November 2024, Plaintiff repeatedly followed up with Perlin regarding the terms of her leave and her short-term disability benefits. Defendant's responses were delayed and inconsistent.

16. On or about November 12, 2024, Perlin sent Plaintiff a "Discretionary Leave of Absence" policy bearing an effective date of November 1, 2024, together with a leave approval letter. The letter approved twelve weeks of leave beginning January 2, 2025, with a projected return date of April 3, 2025. The letter stated that "there is no guarantee of continued employment." Plaintiff signed and returned the letter on or about December 6, 2024.

17. In December 2024, Plaintiff complained to Bob Gilkin ("Gilkin"), Defendant's Senior Vice President, Trade and Specialty Pharmacy, and her interim manager, about Defendant's handling of her maternity leave, including the inconsistent information she had received and the change to Defendant's leave policy after she disclosed her pregnancy. Gilkin told Plaintiff that he would raise her concerns with Oldham.

18. On or about December 17, 2024, Gilkin told Plaintiff that Oldham wanted to "make it right" and directed Plaintiff to contact Oldham. Plaintiff did so. Oldham did not address Plaintiff's concerns.

19. Plaintiff gave birth on January 2, 2025. Plaintiff's approved leave began that day.

20. On or about February 25, 2025, while Plaintiff was on leave, Gilkin contacted Plaintiff and asked her to join a "company update" meeting the next day.

21. On February 26, 2025, on a video call with Gilkin, Lisa Crowley, a senior executive of Defendant, and a Converge representative, Defendant informed Plaintiff that her position was eliminated and that her employment was terminated, effective immediately. Plaintiff was eight weeks postpartum and five weeks from her scheduled return date.

22. Defendant told Plaintiff that it was restructuring and that pharmaceutical marketing would be handled by Actum Pharma, an affiliate of Defendant. Defendant did not offer Plaintiff any alternative position.

23. Defendant retained Rob Crossley, a male Director of Marketing who had not taken leave, and assigned Plaintiff's duties to Crossley and to other employees who, upon information and belief, had not taken pregnancy or medical leave.

24. On February 26, 2025, Defendant also terminated the employment of its Director, Project Management - Marketing, who had returned to work eight days earlier from a twelve-

week medical leave that Defendant approved under the same Discretionary Leave of Absence policy. Defendant eliminated three positions in its marketing department. Two of the three were held by Plaintiff and the Director, Project Management - Marketing, both of whom had taken medical leave under that policy in the preceding three months.

25. In the same period, Defendant announced the hiring of additional senior executives, including a Senior Vice President for its pharmaceutical business unit.

26. Defendant's stated reason for terminating Plaintiff's employment is a pretext. Defendant terminated Plaintiff's employment because of her sex and pregnancy, because she requested and used leave for childbirth, and in retaliation for her complaints about Defendant's treatment of her pregnancy leave.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, and mental anguish.

## COUNT I
**Violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.***
**(Sex and Pregnancy Discrimination and Retaliation)**

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. At all times relevant to this Complaint, Plaintiff was a member of protected classes under Title VII on the basis of her sex, female, and her pregnancy, childbirth, and related medical conditions.

30. At all times relevant to this Complaint, Plaintiff was qualified for her position and performed it satisfactorily.

31. Defendant discriminated against Plaintiff on the basis of her sex and pregnancy by terminating her employment while she was on leave for childbirth and by treating her less favorably than employees who were not pregnant and had not taken pregnancy-related leave.

32. Plaintiff engaged in protected activity under Title VII when she complained to Defendant about its treatment of her in connection with her pregnancy and pregnancy leave. Defendant terminated Plaintiff's employment because of her protected activity.

33. Defendant's conduct was intentional and was undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

34. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

## COUNT II

### Violations of the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg *et seq.*

### (Adverse Action for Requesting and Using a Reasonable Accommodation and Retaliation)

35. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

36. At all times relevant to this Complaint, Plaintiff was a qualified employee under the PWFA. Plaintiff's pregnancy, childbirth, and recovery from childbirth were known limitations under the PWFA. Defendant knew of Plaintiff's pregnancy, childbirth, and need for recovery.

37. Plaintiff requested a reasonable accommodation for her known limitations, specifically a leave of absence for childbirth and recovery. Defendant approved the leave, and Plaintiff used it.

38. Defendant took adverse action against Plaintiff, including terminating her employment, on account of Plaintiff requesting and using a reasonable accommodation, in violation of 42 U.S.C. §2000gg-1(5).

39. Defendant retaliated against Plaintiff for requesting and using a reasonable accommodation and for opposing Defendant's treatment of her in connection with that accommodation, and interfered with Plaintiff's exercise of her rights under the PWFA, in violation of 42 U.S.C. §2000gg-2(f).

40. Defendant's conduct was intentional and was undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

41. As a direct and proximate result of Defendant's violations of the PWFA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

## COUNT III
**Violations of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.***
**(Sex and Pregnancy Discrimination and Retaliation)**

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. At all times relevant to this Complaint, Plaintiff was a member of protected classes under the PHRA on the basis of her sex, female, and her pregnancy, childbirth, and related medical conditions.

44. Defendant discriminated against Plaintiff on the basis of her sex and pregnancy by terminating her employment while she was on leave for childbirth and by treating her less favorably than employees who were not pregnant and had not taken pregnancy-related leave.

45. Defendant retaliated against Plaintiff by terminating her employment because she complained to Defendant about its treatment of her in connection with her pregnancy and pregnancy leave.

46. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically asks this Court to grant her the following relief by:

(a) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(b) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer because of Defendant's unlawful conduct;

(c) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer because of Defendant's unlawful conduct;

(d) awarding punitive damages to Plaintiff under Title VII and the PWFA;

(e) ordering Plaintiff's reinstatement or, in the alternative, awarding front pay;

(f) awarding Plaintiff any other damages that are appropriate under Title VII, the PWFA, and the PHRA;

(g) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(h) granting any other relief that this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

**THE GOLD LAW FIRM, P.C.**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
I.D. No.: 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
Attorney for Plaintiff Rebecca Moore

September 28, 2026